Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 7458 | DATE | 3/6/2001 |
| CASE TITLE | Packman vs. Chgo Tribune Co. et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We grant the Defendants' bill of costs as modified. Plaintiff is ordered to pay the Defendants' costs in the amount of $2,775.55.
(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | MAR 07 2001 |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| SCT | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 40

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANA PACKMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 99 C 7458 |
| ) | |
| CHICAGO TRIBUNE COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Plaintiff Diana Packman's objections to Defendants Chicago Tribune Company and Front Page News, Inc.'s bill of costs. For the reasons set forth below, we grant the Defendants' bill of costs as modified.

On December 6, 2000, this Court granted Defendants' Joint Motion for Summary Judgment and denied Plaintiff's Cross-Motion for Summary Judgment. Following the entry of judgment the Defendants filed their bill of costs in a timely fashion, seeking costs in the amount of $3032.50. Plaintiff filed objections on the grounds that the bill of costs judgment should be stayed pending the outcome of the Plaintiff's appeal or in the alternative that the amount of costs should be reduced to $1885.65.

## DISCUSSION

I. Motion to Stay Bill of Costs Pending Appeal

The Plaintiff cites <u>Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.</u>, 854 F.2d 219, 221 (7th Cir. 1988) and <u>Popeil Bros., Inc. v. Schick Elec., Inc.</u>, 516 F.2d 772, 777 (7th Cir. 1975) to support the proposition that costs are generally resolved after the appeals.

Both <u>Popeil Bros.</u> and <u>Congregation of the Passion</u> are distinguishable from the present case. <u>Popeil Bros.</u> deals with the prevailing party's right to costs after an appeal when the original dismissal judgment was silent as to costs. <u>Congregation of the Passion</u> deals with whether the prevailing party's filing of the bill of cost is timely. In <u>Congregation of the Passion</u>, the Court's reference to <u>Popeil Bros.</u> related to the timeliness of a bill of costs and indicated that <u>Popeil Bros.</u> "stands only for the proposition that where no local rule sets a time limit for filling a bill of costs, Rule 54(d)- which does not include any specific time limit- allows a prevailing party to wait until after appeal to file its bill." <u>Popeil Bros.</u>, 854 F.2d at 221. These cases concern a prevailing party's ability to file a bill of costs after the original judgment, and not with the losing party's right to stay a judgment for a bill of costs until after the appeal.

The Seventh Circuit has expressly stated that "a district court may award costs even while the substantive appeal is pending." <u>Lorenz v. Valley Forge Insurance Co.</u>, 23 F.3d 1259, 1260 (7th Cir. 1994). <u>See also</u> <u>Beres v. Village of Huntley</u>, 1994 WL

369628, *1-2 (N.D. Ill. June 24, 1994) (assessing costs upon the entry of summary judgment rather than staying the bill of costs until the appeal was resolved). Therefore, the Court declines to stay the judgment for the bill of costs pending the outcome of the Plaintiff's appeal.

II.  Reduction of Costs

   a.  Transcript Costs

The Plaintiff contends, based on the rates for transcripts approved by the Judicial Conference of the United States, the Defendants' costs for the depositions of Diana Packman and Richard Packman, and for the copy of the deposition transcript of Mary Tremont, were excessive.

Under 28 U.S.C. § 1920(2) a Court may award as costs "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case...." Local Rule 54.1(b) indicates that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." The current approved rate for transcript costs is $3.00 per page for the original transcript and $0.75 per page for a copy of the transcript. See In re Brand Name Prescription Drugs Antitrust Litigation, 1999 WL 759472, *5 (N.D. Ill. Sept. 1, 1999). A court reporter's attendance fee for a deposition is also recoverable under 28 U.S.C.

§ 1920(2). Crosby v. Federal Signal Corporation, 1998 WL 812552, *4 (N.D. Ill. Nov. 19, 1998).

Plaintiff's objections to the costs alleged by the Defendants for the deposition transcripts of Diana and Richard Packman stem from a lack of clarity in the Defendants' bill of costs. The Defendants' bill of costs included both the costs for the deposition transcripts and costs for the court reporters' appearance fees under the headings "Deposition Transcript of Diana Packman" and "Deposition Transcript of Richard Packman." This lack of clarity created the appearance that Defendants were claiming costs that exceeded $3.00 per page. The Defendants are entitled to claim as costs the court reporters' attendance fees and thus the $306.00 appearance fee for Diana Packman's deposition and the $323.00 appearance fee for Richard Packman's deposition are proper.

The Plaintiff also points out that the Defendants' costs for the copy of the transcript of the deposition of Mary Tremont exceeds the current rate approved by the Judicial Conference of the United States of $0.75 per page for a copy of the transcript. The Defendants contend that although the cost of 133 pages at $0.75 per page would be $99.75, they actually paid $299.30 and in fairness should be reimbursed for what they paid. However, the rates are clearly defined by the Judicial Conference of the United States and the Defendants should not be allowed to charge costs that exceed

that rate. The Defendants' costs for the copy of the deposition transcript of Mary Tremont should be $99.75.

Therefore the Defendants' bill of costs should be amended as follows:

|  | Cost |
|---|---|
| 3) Copy of Deposition Transcript of Mary Tremont | $99.75 |

### b. Copying Costs

The Plaintiff claims that the rate for photocopies of documents should be $0.10 per page rather than $0.20 per page as included in the Defendants' bill of costs. The Plaintiff also indicates that the Defendants have improperly included copies obtained for their counsels' records.

Under 28 U.S.C. § 1920(4) a Court may award as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case...." This Court has held in a prior case that $0.20 per page for copies is a reasonable rate. See Kateeb v. Dominick's Finer Foods, Inc., 1997 WL 630185 (N.D. Ill. Sept. 30, 1997)(upholding a $0.20 per page cost for copies). The Court declines to change its position at this time. The Defendants' costs for copying assessed at $0.20 per page are proper.

The Plaintiff also asserts that the Defendants included copies that were obtained for the Defendants' counsels' convenience and records within their bill of costs. Costs can include copies "necessarily obtained for use in the case..." 28 U.S.C. § 1920(4).

But additional copies for the attorney's own use or convenience are not taxable as costs. McIlveen v. Stone Container Corp., 910 F.2d 1581, 1584 (7th Cir. 1990), Goldberg v. Rainbow Path, Inc., 1998 WL 102710, *6 (N.D. Ill. March 2, 1998) (citing NLFC, Inc. v. Devcom Mid-America, Inc., 916 F.Supp. 751, 763 (N.D. Ill. 1996)).

In the case before us the Defendants submitted (as required under Local Rule 5.2(c)) two copies of the pleadings to the Court and one copy to each of the Plaintiff's counsel, and thus it was proper to include four copies of the pleadings within the costs. The Defendants also made two copies of all the documents they produced in discovery, and supplied one set to the Plaintiffs and kept one set for the Defendants' outside counsel's records. Although it may have been practical for the outside counsel to have a separate copy of the documents, it was done for counsel's own use and convenience and thus only one set of copies of the documents produced in discovery to the Plaintiffs was properly taxable as costs.

Therefore the Defendants' bill of costs should be amended as follows:

|  | Cost |
|---|---|
| 1) Photocopy of Documents Produced by Tribune (Bates Number 1-153) 1 copy x 153 pages at $0.20/copy | $30.60 |
| 2) Photocopy of Documents Produced by Front Page (Bates Number 1-134) 1 copy x 134 pages at $0.20/copy | $26.80 |

III. Summary

The Court will not stay the Defendants' bill of costs pending the Plaintiff's appeal. The Defendants' costs associated with the depositions were proper, with the exception of the cost for the transcript copies of the deposition of Mary Tremont, which should be reduced to $99.75. The costs for the copies of documents in the Defendants' bill of costs were proper except for the one set of copies of documents produced in discovery to the Plaintiff that were created for the Defendants' outside counsel. The cost for the copies of documents produced in discovery to the Plaintiffs should be reduced to $57.40. Diana Packman is therefore ordered to pay the Defendants' costs in the amount of $2775.55. The Plaintiff will need to make all reasonable efforts to satisfy her obligation in the shortest amount of time. Failure to act accordingly or to act in good faith in the discharge of this debt will support the Court's revisit of the issue, and jurisdiction for that purpose shall be maintained.

## CONCLUSION

For the foregoing reasons, we grant the Defendants' bill of costs as modified. Plaintiff is ordered to pay the Defendants' costs in the amount of $2775.55.

Charles P. Kocoras
United States District Judge

Dated: March 6, 2001